MAY 29, 1804.

# Henry Watkin *v.* James Moore.

*Upon an appeal from a decree of the Fayette Circuit Court.*

What degree of notoriety in the objects called for in an entry will be sufficient to uphold it.

As the appellee was complainant in the court below, his claim ought to be first investigated, the appellant having the eldest legal title, and relying altogether on it. The appellee's claim depends on an entry made on the 19th of December, 1782, in the name of Josiah Watson, for four thousand acres, and if that entry can be established, the appellee's is sufficiently special to cover the land in controversy. The material parts of Watson's entry are: On the waters of the north fork of Elkhorn, two miles west of the Clay lick, that is on the dividing ridge between Licking and the north fork of Elkhorn, beginning at a sugar tree and mulberry, standing on the west side of a branch, both marked S M, then giving course and distance. The most material call in this entry is "the Clay lick," and whether it has been so described, or was so notorious, that it could be found by subsequent locators. Several witnesses prove that they had known it by the name of "the Clay lick" for several years before the entry was made, and have known it by that name ever since. It is also proven to be known and so called to this time, but none of the witnesses say that it was generally or notoriously known and called by that name; yet, from circumstances which they relate of its lying in the direction between McClellan's fort and Riddle's station, that the trace from the one to the other passed through this lick, and from the number of persons who resided at those places, and the intercourse between them, a violent presumption arises, that this lick must have been generally known to those conversant in that quarter of the country. The defendant in the court below has proven that there are other clay licks on the dividing ridge between Licking and the north fork of Elkhorn, but it does not appear that any of them were generally called and known by the particular appropriate name of "*the Clay lick,*" nor does it appear that there are any circumstances

attending any of them which would make them generally known. This court is, therefore, of opinion, that the Clay lick hath been sufficiently identified, and, from the circumstances attending it, there is a sufficient degree of notoriety attached to it to establish the entry. The other objections made to this entry are considered unimportant, because it is believed that a subsequent locator, by using reasonable diligence, might have found the trees called for. Upon the whole, this court affirms the decree of the inferior court, with costs, which is ordered to be certified to the said court.